IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GEORGE M. KONKUS,)
)
Plaintiff,)
)
vs.) Civil Action No. 10-79
)
MICHAEL J. ASTRUE,)
COMMISSIONER OF SOCIAL SECURITY,)
)
Defendant.)

ORDER

AND NOW, this 3rd day of January, 2011, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §401, et seq., and denying plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. §1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither

reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]

Plaintiff challenges the determination of the Administrative Law Judge ("ALJ") that he is not disabled, arguing that the ALJ's hypothetical question to the vocational expert, at Step 5 of the five-step sequential evaluation process, did not include all of his physical and mental limitations. See 20 C.F.R. §§ 404.1520 and 416.920. Plaintiff contends that the ALJ relied on an answer to a defective hypothetical question and that such reliance requires a remand of the ALJ's decision. See Podedworny v. Harris, 745 F.2d 210, 218 (3d Cir. 1984).

At Step 2, the ALJ found that Plaintiff had the severe impairments of psychotic disorder and degenerative disc disease. Transcript "Tr." at p. 13. After concluding that these did not meet any Listing at Step 3, the ALJ assessed Plaintiff's residual functional capacity ("RFC"), which included a review of his medical records. Tr. 14-15. In making this assessment, the ALJ considered both his physical and mental impairments and concluded that Plaintiff "has the residual functional capacity to perform the full range of light work. . . ." Tr. 14. (Plaintiff does not challenge the ALJ's RFC assessment.) In order to conduct his Step 5 evaluation of whether there were jobs in significant numbers in the national economy that Plaintiff could perform, the ALJ asked the vocational expert a simple hypothetical question: "Could you give us some representative examples of light-type of jobs with the sit/stand option so we can complete our record?" Tr. 27. The expert opined that there were approximately 900,000 unskilled, light exertional jobs at the national level. Tr. 27-28. Based on this testimony and an RFC of light work, the ALJ concluded that Plaintiff was not disabled.

Hypothetical questions must adequately portray a claimant's impairments, and the vocational expert must be given an opportunity to evaluate these impairments. Rutherford v. Barnhart, 399 F.3d 546, 554 (3d Cir. 2005). That is, the ALJ must accurately convey to the vocational expert all of a claimant's credibly established limitations. Id. (citation omitted). "[O]bjections to the adequacy of hypothetical questions posed to a vocational expert often boil down to attacks on the RFC assessment itself." Id. at p. 554 n.8. This is implicitly the case here. However, in the absence of an explicit challenge to the RFC assessment, the Court finds that the hypothetical question adequately conveyed Plaintiff's credibly established limitations to the vocational expert because these limitations were incorporated into his RFC determination. The responsibility for deciding a claimant's RFC rests with the ALJ and is based on the entire record. 20 C.F.R. §§ 404.1546, 416.946.

To the extent Plaintiff seeks a remand because he was not represented by counsel before the ALJ, the Court declines to do so. Plaintiff was advised of his right to counsel and chose to proceed without such assistance. Tr. 11. In the absence of prejudice or unfairness, the lack of counsel is not sufficient cause for remand. Dobrowolsky v. Califano, 606 F.2d 403, 407 (3d Cir. 1979).

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 7) is DENIED and defendant's Motion for Summary Judgment (document No. 9) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf: Counsel of record